# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *For the Western District of New York*

---

**THE UNITED STATES OF AMERICA**

   *-vs-*

**KELLY A. BOSSINGER**

May 2004 GRAND JURY
(Empaneled 5/7/04)

**06-CR-**

**INDICTMENT**

**Violation:**
Title 18, United States Code, Section 371, 1030(a)(2)(B), and 1001(a)(2).

**COUNT I**
**18 U.S.C. § 1030(a)(2)(B)**

**The Grand Jury Charges:**

1.   That at all times material to this Indictment, TECS was a computerized law enforcement database of the Department of Homeland Security.  The use of and access to this database is restricted to authorized law enforcement and/or support personnel of the federal government who have an official reason or purpose for accessing the confidential law enforcement information contained therein.

2.   At all times material to this Indictment, the defendant, KELLY BOSSINGER, was a Customs & Border Protection Officer (CBPO) with the Department of Homeland Security, Office of Customs & Border Protection.  Defendant BOSSINGER was also a federal law enforcement

officer within the meaning of Title 18, United States Code, Section 1114.  As such, defendant BOSSINGER was a person authorized to access the TECS database for any official government purpose. Defendant BOSSINGER was not, however, authorized to access the TECS database for reasons unrelated to her official government duties, or for personal reasons.

3.   At all times material to this Indictment, Maryann Crooks, Amy Miller and Robert Murphy were also Customs & Border Protection Officers within the Department of Homeland Security. These individuals were also persons authorized to access the TECS database for any official government purpose. However, these officers were not authorized to access this database for reasons unrelated to their official government duties, or for personal reasons.

4.   At all times material to this Indictment, Donald Mania was a Senior Special Agent (SSA) with the Office of Professional Responsibility (OPR) of the Office of Immigration and Customs Enforcement (ICE), an agency of the Department of Homeland Security.

5.   At all times material to this Indictment, the TECS database was able to receive and store information regarding foreign and domestic registered vehicles that travel to and from the United States. Information pertaining to such vehicles, including investigative

lookouts and alerts, could be entered into the database using the vehicle plate number. Any such information regarding a vehicle entry into the TECS database could then be retrieved by authorized law enforcement personnel or support staff by conducting a computer query known as an SQ-13.

6. At all times material to this Indictment, the TECS database was also capable of receiving, storing and retrieving information regarding the number and frequency of international border crossings made by a particular plate numbered vehicle.  Any such information regarding the number and frequency of border crossings by such a vehicle could then be retrieved by authorized law enforcement personnel or support staff by conducting a computer query known as a *Subject Query Primary Query* (SQPQ).

7. At all times material to this Indictment, the TECS database was also capable of receiving, storing and retrieving information related to whether an incident log had been created regarding a particular a person or vehicle inspection occurring at an international port-of-entry.  This information was contained in an *Inspectional Operations Incident Log* (IOIL) and could be retrieved from TECS by conducting an IOIL query.

8. At all times material to this Indictment, another computerized law enforcement database known as the *Customs Overtime Scheduling System* (COSS), which is maintained by the Department of Homeland Security, was also capable of receiving, storing and retrieving information regarding the date, shift and duty station assignments of United States Customs and Border Protection personnel. Any such information regarding personnel assignments could then be retrieved from COSS by authorized CBP personnel.

9. On or about May 1, 2004, because the vehicle she was driving was the subject of a TECS lookout, Robin Emke, a woman who was known to the defendant, was stopped at the Peace Bridge Port-of-Entry and subjected to an extensive border inspection.

10. On or about May 4, 2004, in the Western District of New York, the defendant, KELLY BOSSINGER, intentionally accessed a computer in a manner that exceeded her authorized access and thereby obtained computerized information from the Department of Homeland Security, an agency of the United States, in that she conducted an SQ-13 query of the Treasury Enforcement Communications System (TECS), a computerized federal law enforcement data base, concerning Utah Vehicle Plate No. HMS335 for no official government reason.

All in violation of Title 18, United States Code, Sections

1030(a)(2)(B).

## COUNT II
### 18 U.S.C. § 1001(a)(2)

**The Grand Jury Further Charges:**

1.   The allegations in paragraphs 1 - 9 of Count I of the Indictment are repeated and re-alleged as if fully set forth here.

2.   On June 4, 2004, in the Western District of New York, the defendant, KELLY BOSSINGER, in a matter within the jurisdiction of the United States Department of Homeland Security of the executive branch of the United States government, knowingly and willfully made a materially false statement to an agent of the Office of Professional Responsibility (OPR) within Immigration and Custom Enforcement (ICE), in that she falsely stated that she did not test the TECS system to determine whether or how e-mail notification is sent to the owner of a TECS record when such a record has been queried by another TECS user.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT III
## 18 U.S.C. § 371

**The Grand Jury Further Charges:**

1.   The allegations in paragraphs 1 - 9 of Count I of the Indictment are repeated and re-alleged as if fully set forth here.

2.   Beginning on or about May 4, 2004, and continuing until on or about June 4, 2004, the defendant, KELLY BOSSINGER, along with Maryann Crooks, Amy Miller and Robert Murphy, knowingly combined, conspired and agreed to commit an offense against the United States, namely, making false statements to investigative authorities of the United States Department of Homeland Security, in violation of Title 18, United States Code, Section 1001(a)(2).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts were performed:

1.   On May 4, 2004, the defendant, KELLY BOSSINGER, accessed the TECS database in order to conduct an IOIL query in order to obtain information concerning the bridge stop that her sister, Robin Emke, was subjected to on May 1, 2004.

6

2. On May 4, 2004, the defendant, KELLY BOSSINGER, accessed the TECS database to conduct a COSS query in order to determine the identity of ICE personnel assigned to the Peace Bridge Port-of-Entry during the midnight shift on May 1, 2004.

3. On May 4, 2004, the defendant, KELLY BOSSINGER, provided Customs Border Patrol Officer (CBPO) Maryann Crooks with the plate number for New York State Vehicle Registration No. CLZ5612, knowing that Crooks intended to conduct an SQPQ query of the TECS database in order to determine the number and frequency of border crossings made by Robin Emke.

4. On May 4, 2004, Maryann Crooks conducted an SQPQ query of the TECS database in order to determine the number and frequency of border crossings made by Robin Emke.

5. Shortly thereafter, on May 4, 2004, CBPO Maryann Crooks accessed the TECS database in order to conduct an SQ-13 query concerning NYS Vehicle Registration No. CLZ5612 for the purpose of learning the contents of a law enforcement investigative record that had been entered on the subject vehicle plate.

6. On May 4, 2004, after accessing the TECS government database, CBPO Maryann Crooks divulged confidential law enforcement information

to the defendant, KELLY BOSSINGER, concerning the investigative record entered on NYS Plate No. CLZ5612.

7. On May 4, 2004, CBPO Crooks and defendant KELLY BOSSINGER agreed to test the TECS system to determine whether an automatic e-mail notification would be sent to the originator, or "owner" of a TECS record when his/her record has been accessed by another TECS user.

8. On May 4, 2004, CBPO Crooks provided defendant KELLY BOSSINGER with Utah Plate No. 335HMS, a record owned by CBPO Crooks, in order to determine whether BOSSINGER's access of this TECS record would result in an automatic e-mail notification being sent to Crooks.

9. On May 4, 2004, the defendant, KELLY BOSSINGER, accessed the TECS database in order to conduct an SQ-13 query on Utah Plate No. 335HMS, after which time it was determined that an automatic e-mail notification was sent to CBPO Crooks advising that BOSSINGER had accessed her TECS record.

10. On May 4, 2004, the defendant, KELLY BOSSINGER, advised Crooks to transpose the numbers on the subject NYS Plate No. CLZ5612 and then run additional SQ-13 queries in order to make her original query appear to be random or accidental, thereby concealing Crooks' unlawful and unauthorized access to the TECS database.

11. On May 5, 2004, CBPO Crooks stated to SSA Mania that she accidentally conducted the TECS query on NYS Plate No. CLZ5612 by inadvertently transposing the numbers on a vehicle plate that she had been legitimately working on, when in fact she knew she had intentionally conducted the TECS query on NYS Plate No. CLZ5612 and had not accidentally conducted the query.

12. On May 10, 2004, the defendant, KELLY BOSSINGER, falsely stated to SSA Mania that she had not told CBPO Crooks to transpose the numbers on NYS Plate No. CLZ5612 in order to make it appear that Crooks had inadvertently accessed that plate number in the TECS database.

13. On May 4, 2004, the defendant, KELLY BOSSINGER, also provided CBPO Amy Miller with the plate number for NYS Plate No. CLZ5612.

14. Thereafter, on May 4, 2004, CBPO Amy Miller telephoned CBPO Robert Murphy at the Peace Bridge Port-of-Entry and requested that he run an SQ-13 query on plate CLZ5612 in the TECS database for the purpose of determining whether an investigative lookout had been issued on the subject vehicle plate.

15. On May 4, 2004, CBPO Robert Murphy conducted the requested SQ-13 query in the TECS database and thereby obtained confidential law enforcement information.

16.  On May 4, 2004, after conducting the requested SQ-13 query, CBPO Robert Murphy divulged the confidential law enforcement information contained in TECS to CBPO Amy Miller.

17.  On May 4, 2004, CBPO Miller divulged the confidential law enforcement information obtained from CBPO Murphy to defendant KELLY BOSSINGER concerning NYS Plate No. CLZ5612.

18.  On or about May 5, 2004, CBPO Amy Miller told CBPO Murphy to falsely tell investigators from the Customs Office of Professional Responsibility that Murphy had conducted the TECS query on NYS Plate No. CLZ5612 out of curiosity because it had been listed on a sheet of paper which Murphy found in the Inspection Office at the Peace Bridge.

19.  On or about May 6, 2004, CBPO Murphy falsely stated to SSA Mania that he conducted the TECS query on NYS Plate No. CLZ5612 because he saw it listed on a sheet of paper that he found in the Inspection Office.

20.  On or about May 7, 2004, CBPO Amy Miller was interviewed by Internal Affairs investigators, at which time she falsely denied having advised CBPO Murphy to make the false statement about having randomly

run the SQ-13 query in TECS because he had found NYS Plate No. CLZ5612 written on a piece of paper in the Inspection Office.

21. On or about June 4, 2004, defendant KELLY BOSSINGER was interviewed by Office of Professional Responsibility investigators, at which time she falsely denied having tested the TECS system with CBPO Crooks to determine whether the owner of a TECS record receives automatic e-mail notification when his/her record has been accessed by another TECS user.

All in violation of Title 18, United States Code, Section 371.

DATED:  Buffalo, New York, February 7, 2006.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney

BY: **S/GREGORY L. BROWN**
GREGORY L. BROWN
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
(716) 843-5700, Ext. 853
Gregory.L.Brown2@usdoj.gov

A TRUE BILL:

**S/FOREPERSON**
Foreperson