UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

                        v.

KELLY A. BOSSINGER,

                    Defendant.

**Hon. Hugh B. Scott**

06CR54A

**Report
&
Recommendations**

Before the Court is defendant's motion to suppress her statements and for discovery (Docket No. 4) and the Government's cross-motion for disclosure from the defendant (Docket Nos. 5, 6).

## BACKGROUND

Defendant was indicted on February 7, 2006, for fraud activity connected with computers, giving a false statement to the Government, and conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 1030(a), 1001, and 371.  She entered a not guilty plea on February 23, 2006, and a scheduling order was entered for motions to be argued on June 29, 2006[1] (Docket No. 2).  The case was referred to the undersigned for pretrial matters on June 7, 2006 (Docket No. 7).

On May 12, 2006, defendant moved for discovery, bill of particulars, disclosure, and to suppress her statements (Docket No. 4).  The Government responds with representations about

---

[1]Time was excluded under the Speedy Trial Act for anticipated or pending motions, see 18 U.S.C. § 3161(h)(1)(F).  Argument was adjourned to July 5, 2006.

its production and cross-moved for discovery to inspect defendant's book, papers, and other

tangible items under Fed. R. Crim. P. 16(b)(1)(A) (Docket No. 5).  Defense counsel filed a Reply

Affirmation on June 28, 2006 (Docket No. 8).  The motion was argued on July 5, 2006, and the

Court reserved decision on unresolved issues (Docket No. 10).

## DISCUSSION

I.      Defense Motion to Suppress

During oral argument, the parties agree that the Government has (or will) provide much

of the discovery sought by the defendant.  Therefore, this Order will consider only the remaining

contested issues.  The first contested issue is suppression of defendant's statements.  She argues

that her interviews by the Government were coercive interrogations where she was not given

Miranda warnings.  Defendant contends that her questioning was "accusatorial, prolonged,

repeated, and involved aggressive and abusive language, and was overbearing and intimidating in

tone and technique" (Docket No. 8, Def. Atty. Reply Affirm. ¶ 8).  She seeks a suppression

hearing.  (Docket No. 4 ¶¶ 33-38; Docket No. 8, Def. Atty. Reply Affirm. ¶¶ 8, 2, 5-7.)

The Government replies that she was given the equivalent of Miranda warnings in

receiving Beckwith warning prior to her questioning (Docket No. 5, Gov't Response 9-10, Ex.

3).  See Beckwith v. United States, 425 U.S. 341, 348-49 (1976) (Marshall, J., concurring in

judgment) (quoting warnings given by IRS investigators to defendant).

Beckwith held that a full Miranda warning need only be given if a defendant is in custody

or some other coercive situation, id. at 345-46.  The issue, then, is the degree of coercion

defendant faced when questioned by Customs Service investigators, whether she was subject to

custodial interrogation that warrants the full Miranda warnings or a modified warning given here

as "Beckwith" warnings, see id.  The present record is not sufficient to determine the degree of

coercion defendant faced.  Therefore, defendant's motion for a suppression hearing is **granted**

and will be set for the date indicated below.

II.      Timing of Jencks Act Production

The one discovery issue that remains from defendant's motion is the timing of production

of Jencks Act, 18 U.S.C. § 3500, material.  As argued during oral argument, defendant insists

that she needs this material well before the final pretrial conference (at least two weeks or thirty

days before trial) because she believes the Jencks Act materials here are voluminous and require

her counsel's time to review.

The Jencks Act governs the disclosure of information and statements relating to the

Government's witnesses.  Generally, according to the Jencks Act, the Government need not

disclose such information regarding its witnesses until after the witness has testified at trial.  In

this case, the Government has agreed to disclose this information at the final pretrial conference.

Although she contends that the Jencks materials will be voluminous, the defendant has not

established that prior disclosure of Jencks material before such a final pretrial conference is

essential to the preparation of a defense in this case.  Therefore, this aspect of defendant's motion

is **denied**.

III.     Brady and Giglio Materials

Next, defendant wants produced Brady and Giglio materials, namely statements made by

defendant's co-defendants which either exculpate defendant or inculpate them.  Two of the co-

defendants have plead guilty.  Alternatively, defendant proposes for in camera inspection of the

Government's materials, not relying upon the Government's selection of responsive material.

The Government argues that co-defendants' inculpatory statements alone do not make them Giglio material.

Defendant has requested that the Government disclose all materials potentially favorable to her, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain.  The Government's written response is that it possesses "exculpatory" Brady material, namely statements by CBP Officers Amy Miller and Maryann Crooks to investigators stating that defendant did not explicitly ask Miller or Crooks to run SQ-13 TECS queries on Robin Emke regarding a secondary inspection examination on May 1, 2004.  The Government is willing to produce forthwith excerpted version of Miller's and Crooks' transcripts.  (Docket No. 5, Gov't Response at 5.)  Regarding defendant's requested Giglio material, the Government intends to produce that when it produces the Jencks materials (id.).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined

4

<u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second

Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and

the court, . . . sound trial management would seem to dictate that Jencks Act material should be

submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. v. Green</u>, 144 F.R.D.

631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.   Unlike the Jencks Act

materials, defendant does not contend that the <u>Brady</u> materials will be voluminous so as to

require prior production.  Balancing all of the above, the Court concludes that disclosure of such

impeachment material, if any exists, in accordance with the common practice in this district

(prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair

opportunity to utilize the information at trial) is sufficient in this case.

IV.     Government's Cross-Motion to Compel

The Government filed a motion to compel defendant's production (Docket Nos. 5, 6).

Defendant has not filed an objection to this motion.  Defendant is reminded of her obligations

under Rule 16 to produce pursuant to the government's notice for discovery (Docket No. 5, 6),

therefore, the Government's cross-motion is **granted**.

## CONCLUSION

For the reasons stated above, on defendant's motion to suppress (Docket No. 4), it

recommended that defendant's motion to suppress be **held in abeyance pending a hearing** and

so much of defendant's motion for an evidentiary hearing is **granted**.  The Court will conduct

that evidentiary hearing, on **Wednesday, October 4, 2006, at 2 pm**, before the undersigned.

5

Defendant's discovery motions (Docket No. 4) are **granted in part, denied in part** as indicated above (granting production of <u>Brady</u> material in normal course, denying prior disclosure of Jencks Act material before final pretrial conference).  The Government's cross-motion to compel production (Docket Nos. 5, 6) is **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>F.D.I.C. v. Hillcrest Associates</u>, 66 F.3d 566 (2d Cir. 1995); <u>Wesolak v. Canadair Ltd.</u>, 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        August 4, 2006