**MANDATE**

07-5718-cr
United States v. Bossinger

1       UNITED STATES COURT OF APPEALS
2       FOR THE SECOND CIRCUIT

3                 SUMMARY ORDER

4 RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED
5 AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND
6 FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT
7 CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION
8 MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."
9 UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE
10 WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE
11 PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER
12 WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED.  IF NO COPY IS SERVED BY REASON OF THE
13 AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT
14 DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

15      At a stated term of the United States Court of Appeals for the
16      Second Circuit, held at the Daniel Patrick Moynihan United States
17      Courthouse, 500 Pearl Street, in the City of New York, on the
18      25th day of February, two thousand nine.

19      PRESENT:

20              HON. ROBERT D. SACK,
21              HON. BARRINGTON D. PARKER,

22                      Circuit Judges,

23              HON. TIMOTHY C. STANCEU,*

24                      Judge.

25      -----------------------------------------

26      UNITED STATES OF AMERICA,

27                      Appellee,

28              - v. -                                  No. 07-5718-cr

29      KELLY A. BOSSINGER,

30                      Defendant-Appellant.

31      -----------------------------------------

---

         * The Honorable Timothy C. Stanceu, of the United States
Court of International Trade, sitting by designation.

ISSUED AS MANDATE: March 24, 2009

| | | |
|---|---|---|
| Appearing for Appellant: | | David M. Samel, Law Office of David M. Samel, New York, NY |
| Appearing for Appellee: | | Stephan J. Baczynski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, <u>Chief Judge</u>).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendant, a former United States Customs and Border Protection Officer, appeals from a judgment of conviction by the United States District Court for the Western District of New York. A jury found the defendant guilty of intentionally accessing a federal government computer in excess of her authorization, in violation of 18 U.S.C. § 1030(a)(2)(B); making false statements to federal investigators about the matter, in violation of 18 U.S.C. § 1001; and conspiracy to make false statements, in violation of 18 U.S.C. § 371. We assume the parties and counsel are familiar with the facts and procedural history of the case, and the issues presented on appeal.

The defendant makes three challenges to her conviction. We think each is without merit, but the third warrants a word of caution.

<u>First</u>, the defendant argues that the evidence was insufficient to convict her on any of the three counts. We review the question <u>de novo</u>. <u>See</u> <u>United States v. Naiman</u>, 211 F.3d 40, 46 (2d Cir. 2000). "On a sufficiency challenge, 'we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.'" <u>United States v. Parkes</u>, 497 F.3d 220, 225 (2d Cir. 2007), <u>cert. denied</u>, 128 S. Ct. 1320 (2008) (quoting <u>United States v. Arena</u>, 180 F.3d 380, 391 (2d Cir. 1999)). We must sustain the verdict when "'<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>Id.</u> (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)) (emphasis in <u>Jackson</u>).

We conclude that the evidence was sufficient to convict the defendant on the computer crime count. The government was required to prove that she "intentionally access[ed] a computer without authorization or exceed[ed] authorized access, and thereby obtain[ed] . . . (B) information from any department or agency of the United States." 18 U.S.C. § 1030(a)(2). The defendant concedes that she accessed TECS in excess of her authorization to do so but argues that testimony that she "ran" a valid license plate number to test the system's automatic e-mail notification process does not establish that she "actually obtained information" from running the test. But a rational jury could have found beyond a reasonable doubt, if it credited Crooks's testimony, that the defendant's "test" provided her with information from a government agency. This is all the government was required to prove in that regard. See 18 U.S.C. § 1030(a)(2).

The defendant argues that this reasoning improperly collapses the crime's "access" element with its supposedly separate mandate that the crime result in the defendant obtaining information. But "obtaining information" is not an element of the crime; "obtaining . . . information from any department or agency of the United States" is. 18 U.S.C. § 1030(a)(2)(B). There is no dispute in this case that the information Bossinger accessed was information from an agency of the United States.

The defendant's challenges to her convictions on the two other counts also fail. The evidence was sufficient to allow a rational jury to find, beyond a reasonable doubt, that Bossinger falsely denied accessing TECS to test the e-mail notification system and that Crooks and Bossinger conspired to lie to investigators. The defendant's challenges to her co-conspirator's credibility are without merit, because we must defer to the jury's assessment in that regard. See Parkes, 497 F.3d at 225. The defendant's argument that "whether [she] admitted or denied" the true reason for her accessing the system "was of no consequence to the investigators" is an unsuccessful attempt to challenge the materiality of her statement. Securing a confession is of paramount consequence to investigators, not least because it would have saved the time and expense of this prosecution and appeal. Moreover, to be material a statement need only have "a natural tendency to influence . . . the decision of the decision-making body to which it is addressed," United States v. Gaudin, 515 U.S. 506, 509 (1995) (quotation marks omitted), it need not actually exert such influence.

Second, the defendant challenges the admissibility of certain evidence. "We review a trial court's evidentiary rulings

3

deferentially, and we will reverse only for abuse of discretion. To find such abuse, we must conclude that the challenged evidentiary rulings were arbitrary and irrational." United States v. Quinones, 511 F.3d 289, 307-08 (2d Cir. 2007) (citation and internal quotation marks omitted). We have no cause to reach that conclusion here. An investigator's testimony that he disbelieved the defendant's explanation for accessing the TECS system was admissible to prove materiality. And evidence of the defendant's participation in an uncharged conspiracy to access the same system was relevant to undercut the defense theory that she played no culpable role in the charged conspiracy.

Third, the defendant argues that the prosecutor committed misconduct in summation. We think this point has some merit, for the prosecutor did a breathtaking variety of things we have repeatedly cautioned the government to avoid.

For example, the prosecutor improperly characterized aspects of the defense case using derogatory terms, including "sl[e]ight of hand," "spin[ning] a story," "complete okey-doke," a "bit of drivel," "simply outlandish nonsense," "a bill of goods," "hiding the ball," and "just throw[ing] stuff up in the air and hop[ing] something sticks." See, e.g., United States v. Resto, 824 F.2d 210, 212 (2d Cir. 1987) (stating that references to defense tactics as "slick bits," "slyness" or "sleight-of-hand" were improper and warranted reprimand); United States v. Biasucci, 786 F.2d 504, 514 (2d Cir. 1986) (stating that characterization of defense questions as "nonsense" was "improper and ha[s] no place in any court"), cert. denied, 479 U.S. 827 (1986); cf. United States v. Salameh, 152 F.3d 88, 138-39 (2d Cir. 1998) (finding no prejudice in prosecutor's use of "bill of goods" to refer to defense argument when made in rebuttal), cert. denied, 525 U.S. 1112 (1999).

The prosecutor also improperly referred to the defendant's statements as "lies" more than 30 times in the course of a 24 page summation transcript, see United States v. Peterson, 808 F.2d 969, 977 (2d Cir. 1987) (finding improper the excessive or inflammatory use of "lie" to characterize disputed testimony); cf. Floyd v. Meachum, 907 F.2d 347, 354-55 (2d Cir. 1990) (stating that use of "the terms 'liar' or 'lie' over 40 times in characterizing [a defendant], who did not testify" was "clearly excessive and inflammatory"), used sarcasm as a rhetorical device to attack the credibility of the defendant, cf. United States v. Burns, 104 F.3d 529, 537 (2d Cir. 1997), and misstated two pieces of evidence. The government concedes only the last point was error.

```
 1       Defense counsel failed to object to anything but the
 2   derogatory comments.  That makes the argument for reversal
 3   difficult, because, while we review the comments about the
 4   defense case to evaluate the severity of the misconduct, the
 5   measures adopted to cure it, and the certainty of conviction
 6   without it, we review the remainder of the misconduct only for
 7   "flagrant abuse" causing substantial prejudice.  Salameh, 152
 8   F.3d at 134.

 9       We think the repeated derogatory comments, while
10   inappropriate, did not suffice to deprive the defendant of a fair
11   trial.  And we think the remainder of the conduct did not rise to
12   the level of flagrant abuse.  Nevertheless, we cannot comprehend
13   why the government would put a strong case in jeopardy by
14   resorting to such tactics.  It should not have done so.  See
15   generally United States v. Modica, 663 F.2d 1173 (2d Cir. 1981)
16   (per curiam), cert. denied, 456 U.S. 989 (1982).

17       For the foregoing reasons, the judgment of the district
18   court is hereby AFFIRMED.


                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of the Court

                         By: _____
```

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by: _____
Deputy Clerk